**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAENO OMAR CROWELL

Case No:

Plaintiff,

v.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

City of DETROIT, a municipal Corporation,
Detroit Police Officers MICHAEL
MACKINNON and YOUSEF JAMIL in both their
Official and Individual Capacities,
Detective ANTAEUS EVANS, in both his
Official and Individual Capacity,
Sergeant BLAKE NAVARRE, in both his
Official and Individual Capacity, and
KEVIN VAZQUEZ and MATTHEW
MUCZYNSKI, in both their
Official and Individual Capacities,

Defendants.

HALL MAKLED, PC.
CYRIL C. HALL (P29121)
23950 Princeton St.
Dearborn, MI 48124
Phone: (313) 788-8888
Fax: (313) 625-6445
chall@hallmakled.com

**COMPLAINT AND JURY DEMAND**

NOW COMES Plaintiff DAENO OMAR CROWELL ("Plaintiff"), hereinafter by and through his attorneys HALL MAKLED, PC by CYRIL C. HALL, in support of Plaintiff's Complaint, states upon this Honorable Court as follows:

**INTRODUCTION, PARTIES AND JURISDICTION**

1.      Plaintiff brings this civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985, as well as Michigan state law, against the City of Detroit, individual Detroit Police Officers,

and employees of Detroit Department of Transportation ("DDOT"), to redress violations of Plaintiffs' constitutional rights, including false arrest, false imprisonment, excessive force, fabrication of evidence, malicious prosecution, and conspiracy to violate civil rights all of which resulted in significant harm to Plaintiff.

2.     Plaintiff Daeno Omar Crowell ("Plaintiff") is an individual residing in Detroit, Wayne County, Michigan. At the time of the incident, Plaintiff resided at 18646 Santa Barbara St., Detroit, Michigan, and was employed at KFC in Birmingham. Plaintiff has a documented learning disability, including ADHD, and has a special education history (including enrollment as a special education student in high school), and he graduated from Mumford High School.

3.     Defendant City of Detroit is a Michigan municipal corporation, duly organized and carrying on governmental functions in the County of Wayne. State of Michigan at all times relevant hereto. It is responsible for the policies, practices, and customs of its departments, including the Detroit Police Department (DPD) and Detroit Department of Transportation (DDOT), as well as for supervising and training the employees and officers involved in the events giving rise to this action.

4.  Defendant YOUSEF JAMIL, Badge #4894 ("Officer Jamil"), at all times relevant to the within Complaint, was a law enforcement officer employed by Defendant City of Detroit and was at all times relevant to this Complaint acting within the scope of his employment and acting under color of state law.

5.     Defendant MICHAEL MACKINNON, Badge #4042 ("Officer Mackinnon"), at all times relevant to the within Complaint, a law enforcement officer employed by Defendant City of Detroit and was at all times relevant to this Complaint acting within the scope of his employment and acting under color of state law.

6.     Defendant Detective ANTAEUS EVANS, Badge #D-1288 ("Detective Evans"), is, and was at all relevant times, a detective employed by the City of Detroit through

the DPD, acting under color of state law. He had supervisory responsibilities over the officers involved in the unlawful actions against Plaintiff.

7.     Defendant Sergeant BLAKE NAVARRE, Badge S-123 ("Sergeant Navarre"), is, and was at all relevant times, a police sergeant employed by the City of Detroit through the DPD, acting under color of state law. He had supervisory responsibilities over the officers involved in the unlawful actions against Plaintiff.

8.     Officers Jamil and Mackinnon are collectively referred to as "DPD Officers."

9.     Officer Jamil, Officer Mackinnon, Detective Evans, and Sergeant Navarre are collectively referred to as "Officers of the DPD."

10.    Defendant MATTHEW MUCZYNSKI ("Officer Muczynski") is, and was at all relevant times, a Senior Service Guard employed by the DDOT, acting under color of law.

11.    Defendant KEVIN VAZQUEZ ("Officer Vazquez") is, and was at all relevant times, a Senior Service Guard employed by the DDOT, acting under color of law.

12.    That this is an action for money damages brought pursuant to 42 USC 1983, 1985, and the Fourth Amendment to the United States Constitution against the above-listed Defendants in their Individual and/or Official Capacities and against the City of Detroit. Jurisdiction is based upon 28 USC section 1331 and 1343, and on Supplemental jurisdiction of this Court, for State Claims pursuant to 28 USC section l367(a)

## FACTUAL ALLEGATIONS

13.    On or about September 24, 2025, Plaintiff, a learning disabled (ADHD) and a special education graduate of Mumford High School, was employed at KFC in Birmingham, Michigan.

14.    After completing his shift, Plaintiff intended to take the bus home to his family residence at 18646 Santa Barbara St., Detroit.

15.     Plaintiff utilized public transportation to arrive at the DDOT Transit Center, located at 1121 W. 8 Mile Road, Detroit, and was waiting for public transportation to continue his journey home.

16.     Plaintiff was lawfully present at the transit center, had no intention of causing any disturbance, and posed no threat to any person or property.

17.      DDOT Officers Muczynski and Vazquez initially approached Plaintiff at the request of Defendants Detroit Police Officers regarding his presence at the transit center. They advised Plaintiff to leave and issued warnings regarding trespassing.

18.     DPD Officers, Jamil and Mackinnon, arrived at the scene upon Officers Muczynski and Vazquez's request to assist with addressing the alleged trespassing enforcement. A person who was sleeping on the bench was approached by DPD officers and advised to sit up and informed not to sleep on the bench. That citizen was permitted to remain on the bench.

19.     The DPD Officers falsely characterized the incident as a trespassing violation. It should be noted that several other people were waiting for the bus. The DPD Officers used this pretext to justify the unlawful detention and arrest of Plaintiff, even though he was lawfully waiting for public transportation and was not violating any rules or laws.

20.     Then Officer Jamil directs Defendants DDOT Officers to advise Plaintiff to leave and assert a false claim that he was trespassing. DDOT Officers complied and advised Plaintiff he was trespassing. Plaintiff did not comply and stated twice that he was waiting for the bus. Officer Jamil also gave Plaintiff a verbal order to leave the transit center. Plaintiff did not comply and again advised he was waiting for the bus.

21.     Officer Jamil attempted to detain Plaintiff by placing handcuffs on his right hand. Plaintiff did not resist, but rather, was simply uncooperative with the detention/unlawful

arrest. Not only were the officers illegally arresting and assaulting Plaintiff, but their conduct was violative of City of Detroit Police Manual.

22.     This led to a physical altercation in which Plaintiff was subdued by the DPD Officers using excessive force by deploying physical strikes, including kidney strikes, abdominal strikes, and threatening taser deployment. They also placed a knee on Plaintiff's back, further demonstrating their unjustified use of force.

23.     Defendants falsely claim that Plaintiff "lunged" at the DPD Officers and struck them with open and closed fists. Video evidence contradicts this claim, showing that Plaintiff did not assault the DPD Officers, and that the force used was excessive and unwarranted under the circumstances. (**Exhibit 1** – Video Recording).

24.     Plaintiff was unarmed, posed no immediate threat, and was not attempting to escape. The level of force applied by the DPD Officers was disproportionate to any alleged threat and was applied in a punitive manner.

25.     Plaintiff was arrested, taken into custody, transported to the Detroit Detention Center, and charged with assaulting/resisting/obstructing/causing injury to a police officer, and trespassing based on false and misleading reports.

26.     Officers of the BPD authored, approved, and relied upon false and misleading police reports and investigative materials to justify the unlawful detention and arrest of Plaintiff.

27.     Despite the existence of exculpatory video evidence, DPD Officers falsely reported that Plaintiff assaulted officers and caused bodily injury, including the alleged injury to Officer Jamil, to support the charges brought against Plaintiff.

28.     DPD Officers deliberately withheld and concealed exculpatory evidence, fully aware that the video footage contradicted their claims and would have exonerated Plaintiff.

29.     even though the Plaintiff is a learning-disabled individual, the DPD Officers failed to accommodate his learning disability and instead escalated the situation unnecessarily.

30.     The DPD Officers violated the Detroit Police Department's Use of Force Policy and its policy requiring truthful and accurate report writing. These violations reflect the City of Detroit's failure to adequately train, supervise, and discipline its officers in accordance with departmental policies, resulting in the deprivation of Plaintiff's constitutional rights.

31.     Despite obvious inconsistencies in the DPD Officers' narratives and the existence of available video evidence, Defendant Navarre approved the use of force and related reports without adequate investigation or supervisory review.

32.     The criminal charges against Plaintiff were initiated and continued without probable cause and with malice, based upon false or misleading information supplied by DPD Officers.

33.     Ultimately the charges were dismissed via oral opinion by Wayne County Circuit Court Judge.

34.      As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of liberty, emotional distress, humiliation, and other damages.

## COUNT I
## VIOLATION OF FOURTH, FOURTEENTH, AND FIFTH AMENDMENT
### (Against Defendants Yousef Jamil and Michael Mackinnon)

35.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

36.     At all times relevant herein, DPD Officers were police officers employed by the Detroit Police Department acting in their official capacity.

37.     The Fourth and Fifth Amendments to the United States Constitution, applicable to the States through the Fourteenth Amendment, protects individuals against unreasonable searches and seizures, including arrest and continued detention without probable cause.

38.     DPD Officers intentionally confined and restrained Plaintiff within fixed boundaries, in handcuffs, inside police custody, and through detention at the Detroit Detention Center.

39.     DPD Officers transported Plaintiff to the Detroit Detention Center and caused his booking and continued custody on charges that DPD Officers knew, or should have known, lacked probable cause, and were supported by false and misleading reporting.

40.     Plaintiff was confined at the Detroit Detention Center based on allegations that he assaulted, resisted, or obstructed police officers.

41.     The detention was based on false, misleading, and unsupported accusations, and DPD Officers lacked probable cause or arguable probable cause to justify Plaintiff's continued confinement.

42.     Because the arrest was made without probable cause, the subsequent detention and confinement constituted an unreasonable seizure and false imprisonment under the Fourth Amendment.

43.     During the arrest and subsequent detention, DPD Officers used excessive and unreasonable physical force against Plaintiff, including strikes to Plaintiff's body and other force disproportionate to any perceived threat, despite Plaintiff not posing a safety risk or engaging in resistance.

44.     Plaintiff was aware of the confinement and restraint and did not consent to being held in custody.

45.     The absence of probable cause was apparent under clearly established law, and no reasonable officer could believe that the continued detention was lawful.

46.     As a direct and proximate result of DPD Officers' conduct, Plaintiff suffered loss of liberty, physical injury, emotional distress, humiliation, lost wages, and other damages.

47.     Defendants Yousef Jamil and Michael Mackinnon are liable to Plaintiff under 42 U.S.C. § 1983 for compensatory damages, punitive damages, attorney fees pursuant to 42 U.S.C. § 1988, costs, and such other relief as this Court deems just and proper.

<div align="center">

**COUNT II**
**VIOLATION OF 42 U.S.C. § 1983**
**(Against Defendants Yousef Jamil and Michael Mackinnon)**

</div>

48.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

49.     At all relevant times, DPD Officers Jamil and Mackinnon were police officers employed by the Detroit Police Department and were acting under color of state law.

50.     The use of force by Officers Jamil and Mackinnon is governed by the Fourth Amendment standard of objective reasonableness.

51.     During the arrest of Plaintiff, DPD Officers Jamil and Mackinnon used excessive and unreasonable force under the totality of the circumstances.

52.     Defendant Jamil performed multiple kidney strikes and abdominal strikes against Plaintiff and deployed his taser while threatening to tase Plaintiff.

53.     Defendant Jamil placed his knee on Plaintiff's back while Plaintiff was being restrained.

54.     Plaintiff was not armed and was not posing an immediate threat, and was not actively resisting arrest in a manner that justified the level of force used.

55.     The police narratives alleging resistance contain inconsistencies and are contradicted by the objective video evidence.

56.     Specifically, DPD Officers Jamil and Mackinnon physically struck Plaintiff multiple times, performed kidney and abdominal strikes, and used force that was unnecessary and disproportionate to any threat posed by Plaintiff, who was not assaulting or resisting the officers as alleged.

57.     The force used by DPD Officers Jamil and Mackinnon violated established Detroit Police Department Use of Force policies, which require that force be objectively reasonable, necessary, and proportionate.

58.     As a direct and proximate result of DPD Officers' actions, Plaintiff suffered physical pain, emotional distress, loss of liberty, loss of freedom, reputational harm, and other constitutionally protected rights described above.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75.000.00) Dollars, to which Plaintiff is entitled, which are reasonable, fair, and just plus costs. interest and attorney fees, together with exemplary and/or punitive damages.

### COUNT III
### CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
### (42 U.S.C. § 1985(3))
### (Against Defendants Yousef Jamil, Michael Mackinnon, Kevin Vazquez, and Matthew Muczynski)

59.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

60.     Defendants, including Officers Jamil and Mackinnon, and the DDOT Officers Muczynski and Vazquez, conspired and agreed among themselves to deprive Plaintiff of his civil rights by coordinating to effectuate a wrongful arrest, detention, and prosecution, in violation of 42 U.S.C. § 1985(3).

61.     In furtherance of this conspiracy, Defendants engaged in overt acts, including but not limited to:

    a. Officers Muczynski and Vazquez identified Plaintiff as a trespasser and requested police intervention without a lawful basis;

    b. Officers Jamil and Mackinnon responded to that request and arrested Plaintiff without probable cause;

c. Officers Jamil and Mackinnon used excessive and unreasonable force against Plaintiff during the arrest;

d. Preparing, submitting, and relying upon false or misleading police reports and witness statements;

e. Providing mutual support and corroboration for fabricated allegations of assault, resisting, and trespassing;

f. Omitting or disregarding exculpatory evidence, including video footage contradicting Defendants' narratives; and

62. Defendants' actions were motivated, at least in part, by discriminatory animus toward Plaintiff based upon his status as a learning-disabled individual, including ADHD, and were undertaken with the shared objective of depriving Plaintiff of equal protection of the laws and constitutional rights, including the right to be free from unreasonable seizure and excessive force.

63. Defendants included employees from distinct governmental departments and acted outside the scope of lawful duties and in pursuit of personal or unlawful objectives, thereby satisfying the requirements for a conspiracy under 42 U.S.C. § 1985(3), notwithstanding any intracorporate relationship.

64. Through coordinated conduct, Defendants knowingly participated in and furthered the conspiracy by initiating, approving, and ratifying false allegations and unconstitutional actions against Plaintiff.

65. Defendants knowingly prepared and relied upon false or misleading reports, omitted exculpatory facts, and fabricated material allegations to justify the arrest and prosecution.

66.     As a direct and proximate result of Defendants' conspiracy and overt acts, Plaintiff was unlawfully arrested, detained, and prosecuted, and suffered loss of liberty, emotional distress, reputational harm, and other damages.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75.000.00) Dollars, to which Plaintiff is entitled, which are reasonable, fair, and just plus costs. interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT IV
## SUPERVISORY LIABILITY
## (42 U.S.C. § 1983)
## (Against Defendants Antaeus Evans, Blake Navarre, and City of Detroit

67.      Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

68.     At all relevant times, Detective Evans and Sergeant Navarre held supervisory roles within the Detroit Police Department and exercised authority over subordinate officers, including Officers Jamil and Mackinnon.

69.     Detective Evans served as the detective in charge of the investigation relating to Plaintiff.

70.     Sergeant Navarre served as the supervising sergeant responsible for reviewing and approving officer conduct, reports, and use of force decisions.

71.     Detective Evans and Sergeant Navarre knew or reasonably should have known that subordinate officers were engaging in conduct that violated Plaintiff's constitutional rights, including false arrest, excessive force, and the preparation of inaccurate or misleading reports.

72.     The police narratives prepared by subordinate officers contained internal inconsistencies and discrepancies that were apparent upon reasonable review.

73.     The use of force described, including strikes and taser deployment, was disproportionate to the circumstances and inconsistent with Detroit Police Department use of force standards.

74.     Despite these obvious issues, Detective Evans and Sergeant Navarre failed to conduct an adequate investigation into the incident.

75.     Detective Evans and Sergeant Navarre failed to review available video evidence or otherwise ensure the accuracy and integrity of the reports prior to approval.

76.     Detective Evans approved investigative findings without a reasonable inquiry into the constitutional violations.

77.     Sergeant Navarre approved the use of force and related reports despite clear indicators requiring further supervisory review.

78.      Through their actions and omissions, Detective Evans and Sergeant Navarre were deliberately indifferent to the constitutional rights of Plaintiff.

79.     The failure of Detective Evans and Sergeant Navarre to properly supervise, investigate, and intervene directly and proximately caused the continued unlawful arrest, detention, and use of excessive force against Plaintiff.

80.     Additionally, at all times relevant herein. Defendants. City of Detroit and Detroit Police Department, by its failure to correct the behavior of the employees and/or agents under its supervision, which said Defendants knew or should have known, created the potential for intentional. willful, wanton, reckless, and deliberately indifferent. grossly negligent. and/or omissions of Defendants allowed, acquiesced in, and/or encouraged said individual Defendants to function as police officers and to unlawfully confront, assault, batter, use excessive force against, verbally abuse, and humiliate. mistreat and detain Plaintiffs, thereby proximately causing Plaintiffs to be deprived of their liberty and of their right to be free from unreasonable

intrusions against their person without due process of law, in violation of the United States Constitution. Fourth Amendments

81.     As a direct and proximate result of Detective Evans and Sergeant Navarre's supervisory failures, Plaintiff suffered constitutional injury, loss of liberty, physical harm, emotional distress, and other damages.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75.000.00) Dollars, to which Plaintiff is entitled, which are reasonable, fair, and just plus costs. interest and attorney fees, together with exemplary and/or punitive damages.

## COUNT V
## VIOLATION OF FOURTH AMENDMENT RIGHT AGAINST UNLAWFUL SEIZURE AND FALSE ARREST
### (Against Defendants Yousef Jamil and Michael Mackinnon)

82.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

83.     At all relevant times, DPD Officers Jamil and Mackinnon were acting under color of state law as police officers employed by the Detroit Police Department.

84.     The Fourth Amendment to the United States Constitution, applicable to the States through the Fourteenth Amendment, protects individuals against unreasonable seizures, including arrest without probable cause.

85.     DPD Officers Jamil and Mackinnon intentionally seized and arrested Plaintiff without probable cause or lawful justification.

86.     DPD Officers Jamil and Mackinnon  falsely accused Plaintiff of trespassing and violating Mich. Comp. Laws Serv. § 750.81d(2) (assaulting/resisting/obstructing a police officer), despite the absence of credible evidence supporting such allegations.

87.     At the time of the arrest, Plaintiff was lawfully present at the Department of Transportation Transit Center, had committed no crime, and was not engaging in conduct that would justify arrest or detention.

88.     Video evidence demonstrates that the Plaintiff did not assault DPD Officers.

89.     DPD Officers Jamil and Mackinnon relied upon false, misleading, and fabricated statements and reports, and ignored exculpatory evidence, including video footage contradicting their allegations.

90.     No reasonable officer in the same circumstances could have believed that probable cause existed to arrest Plaintiff.

91.      DPD Officers Jamil and Mackinnon's actions constituted an unreasonable seizure in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments.

92.     As a direct and proximate result of DPD Officers' unlawful conduct, Plaintiff suffered loss of liberty, humiliation, emotional distress, physical pain, reputational harm, legal expenses, and other damages.

93.     Defendants Yousef Jamil and Michael Mackinnon are liable to Plaintiff under 42 U.S.C. § 1983 for compensatory damages, punitive damages against the individual Defendants, attorney fees pursuant to 42 U.S.C. § 1988, costs, and such other relief as this Court deems just and proper.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75.000.00) Dollars, to which Plaintiff is entitled, which are reasonable, fair, and just plus costs. interest and attorney fees, together with exemplary and/or punitive damages.

### COUNT VI
### MUNICIPAL LIABILITY 42 USCS § 1983
### (Against Defendant City of Detroit)

94.     Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

95.     At all relevant times, Defendant City of Detroit and Detroit Police Department were a municipal entity responsible for the policies, customs, practices, training, supervision, and discipline of Detroit Police Department officers, including Defendants Jamil, Mackinnon, Evans, and Navarre.

96.     The constitutional violations suffered by Plaintiff were caused by official policies, customs, or practices of the City of Detroit and the Detroit Police Department, including but not limited to policies or customs that permitted or encouraged unlawful arrests, excessive force, and the use of false or misleading reports to justify unconstitutional conduct.

97.     The City of Detroit and the Detroit Police Department failed to adequately train its officers regarding proper arrest procedures, use of force standards, and the constitutional rights of individuals, including the requirement that arrests be supported by probable cause.

98.     The City of Detroit and the Detroit Police Department maintained inadequate supervision and disciplinary practices that allowed officers to engage in unconstitutional conduct without meaningful accountability.

99.     The City of Detroit and the Detroit Police Department had actual or constructive notice of similar misconduct by its officers but failed to take reasonable corrective action, thereby demonstrating deliberate indifference to the constitutional rights of persons with whom its officers come into contact.

100.    The policies, customs, practices, and failures to train, supervise, and discipline were moving forces behind the violations of Plaintiff's Fourth and Fourteenth Amendment rights, including unlawful seizure, excessive force, and malicious prosecution.

101.    As a direct and proximate result of Defendant City of Detroit and the Detroit Police Department's policies and deliberate indifference, Plaintiff suffered loss of liberty, physical injury, emotional distress, reputational harm, and other damages.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75.000.00) Dollars, to which Plaintiff is entitled, which are reasonable, fair, and just plus costs. interest and attorney fees, together with exemplary and/or punitive damages.

### COUNT VII
### ASSAULT AND BATTERY
### (Against Defendants Yousef Jamil and Michael Mackinnon)

102.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

103.    Under Michigan law, an assault is an unlawful act that places another person in reasonable apprehension of an immediate harmful or offensive contact.

104.    Under Michigan law, a battery is a harmful or offensive touching of another person without consent or legal justification.

105.    DPD Officers, while acting within the scope of their employment as police officers for the City of Detroit, intentionally used excessive and unreasonable force against Plaintiff during the course of his arrest at the Detroit Department of Transportation Transit Center on or about September 24, 2025.

106.    DPD Officers Jamil and Mackinnon assaulted and battered Plaintiff without adequate or just provocation.

107.    At the time force was used, Plaintiff was not committing any crime, was not posing an immediate threat, and was not resisting in any manner that justified the level of force applied by Defendants. Despite this, DPD Officers Jamil and Mackinnon struck Plaintiff multiple times, including strikes to his kidney and abdomen, and employed physical restraint

techniques that were excessive, unnecessary, and disproportionate to any alleged threat or resistance.

108.    DPD Officers Jamil and Mackinnon intentionally used force against Plaintiff, including physical strikes and threats of taser deployment, during Plaintiff's detention and arrest.

109.    Officer Jamil's delivery of kidney strikes and abdominal strikes to a non-resisting, learning-disabled young man constitutes a battery under Michigan law.

110.    These actions were not discretionary acts performed in good faith, but were intentional torts carried out with the specific intent to injure and intimidate the Plaintiff.

111.    The touching and physical force used against Plaintiff was harmful, offensive, non-consensual, and without lawful justification.

112.    DPD Officers' actions placed Plaintiff in reasonable fear of immediate bodily harm and resulted in harmful and offensive physical contact.

113.    The assault and battery committed by DPD Officers Jamil and Mackinnon was willful, wanton, and malicious, causing Plaintiff to suffer physical injury and emotional distress.

114.    As a direct and proximate result of DPD Officers Jamil and Mackinnon's assault and battery, Plaintiff suffered injury and damage, past, present, and future, including the following:

   a.  Pain, suffering, and emotional distress.

   b.  Humiliation, mortification, and embarrassment.

   c.  Medical expenses related to the injuries suffered.

   d.  Other injuries and damages and consequences that are found to be related to the assault and battery, which may develop or manifest themselves during the course of discovery and trial.

115. As a direct and proximate result of Defendants Yousef Jamil and Michael Mackinnon's assault and battery, Plaintiff has suffered a loss of society and companionship.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, in whatever amount in excess of Seventy Five Thousand ($75.000.00) Dollars, to which Plaintiff is entitled, which are reasonable, fair, and just plus costs. interest and attorney fees, together with exemplary and/or punitive damages.

<div align="center">

**COUNT VIII**
**MALICIOUS PROSECUTION**
**(Michigan State Law)**
**(Against Defendants Yousef Jamil and Michael Mackinnon)**

</div>

116. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

117. DPD Officers Jamil and Mackinnon initiated and continued criminal proceedings against Plaintiff for alleged violations of Mich. Comp. Laws § 750.81d(2) and trespass without probable cause and with malice.

118. DPD Officers Jamil and Mackinnon knowingly prepared and submitted false or misleading police reports and statements to prosecuting authorities, which directly caused the initiation and continuation of criminal proceedings against Plaintiff.

119. The prosecution was initiated and continued based upon information supplied by Defendants, and the prosecuting authority relied upon those representations.

120. DPD Officers Jamil and Mackinnon failed to conduct a reasonable investigation and disregarded exculpatory evidence, including video footage contradicting their allegations.

121. There was no probable cause for the prosecution, and DPD Officers Jamil and Mackinnon knowingly provided fabricated or misleading information to justify the arrest and use of force.

122. Plaintiff asserts that these proceedings lack any legal or factual merit. In fact, the underlying criminal case has terminated in Plaintiff's favor.

123.    Plaintiff alleges, upon information and belief, that the criminal proceedings either have terminated in Plaintiff's favor or remain pending.

124.    Plaintiff seeks treble damages as permitted under MCL § 600.2907.

125.    As a direct and proximate result of DPD Officers' malicious prosecution, Plaintiff suffered loss of liberty, emotional distress, reputational harm, legal expenses, and other damages.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75.000.00) Dollars, to which Plaintiff is entitled, which are reasonable, fair, and just plus costs. interest and attorney fees, together with exemplary and/or punitive damages.

### COUNT IX
### FALSE ARREST AND IMPRISONMENT
### (Against Defendants Yousef Jamil and Michael Mackinnon)

126.    Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

127.    DPD Officers Jamil and Mackinnon intentionally arrested Plaintiff without legal authority and without probable cause.

128.    The arrest was based on allegations of trespassing and disobeying a lawful order, despite Plaintiff being lawfully present and not committing any criminal offense.

129.    DPD Officers Jamil and Mackinnon prepared and relied upon false or misleading police reports and statements to justify the arrest.

130.    Video evidence contradicts DPD Officers' allegations and demonstrates that Plaintiff did not assault or resist DPD Officers.

131.     No reasonable officer in the same circumstances could have believed probable cause existed to arrest Plaintiff.

132.    Following the unlawful arrest, DPD Officers Jamil and Mackinnon confined and restrained Plaintiff without legal authority.

133.    DPD Officers Jamil and Mackinnon transported Plaintiff to the Detroit Detention Center where Plaintiff was held in custody based upon false charges.

134.    Because the arrest lacked probable cause, the subsequent detention and confinement were unlawful.

135.    Plaintiff did not consent to the arrest or confinement.

136.    As a direct and proximate result of Defendants Yousef Jamil and Michael Mackinnon's unlawful conduct, Plaintiff suffered loss of liberty, lost wages, emotional distress, reputational harm, and other damages.

**WHEREFORE**, Plaintiff seeks judgment against Defendants, in whatever amount in excess of Seventy-Five Thousand ($75.000.00) Dollars, to which Plaintiff is entitled, which are reasonable, fair, and just plus costs. interest and attorney fees, together with exemplary and/or punitive damages.

Dated the 18th day of February 2026                 Respectfully Submitted,

                                                     /s/Cyril Hall
                                                     Hall Makled, P.C.
                                                     23950 Princeton Street
                                                     Dearborn, MI, 48124
                                                     (313) 788-8888

**JURY DEMAND**

Plaintiff DAENO OMAR CROWELL, by his attorneys HALL MAKLED P.C.

demand a trial by jury of all the issues in this cause.

<div style="margin-left: 50%;">

HALL MAKLED P.C.
By: <u>Cyril Hall            </u>
Attorneys for Plaintiff
23950 Princeton St.
Dearborn, MI 48124
Phone: (313) 788-8888
Fax: (313) 625-6445

</div>